UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

L. P.                                                                  CIVIL ACTION NO.

VERSUS                                                            24-401-BAJ-EWD

CMI, INC., ET AL.

**ORDER**

Before the Court is an *Ex Parte* Motion for Leave to Proceed Anonymously[1], filed by Plaintiff. Plaintiff's Motion seeks leave to proceed anonymously in this litigation because she "is a victim of rape and therefore has a strong interest in protecting her privacy in this matter of utmost intimacy."[2] Plaintiff filed her Motion before any defendant answered or appeared in the litigation. Finding that the relief sought is appropriate, the Motion will be granted.

Rule 10(a) of the Federal Rules of Civil Procedure requires that a "complaint must name all the parties." "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings."[3] Yet, there is precedent for accommodating a plaintiff's request to proceed anonymously by a fictious name in appropriate cases.[4]

Whether to allow a party to proceed anonymously "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings."[5] Courts have allowed parties to use fictitious names in cases where plaintiffs "were challenging the constitutional, statutory or regulatory

---

[1] R. Doc. 3.
[2] R. Doc. 3, p. 1.
[3] *Doe v. Stegall*, 653 F.2d 180, 185, citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580-81 (1980).
[4] *Doe,* 653 F.2d at 185, citing cases compiled in *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712-13, nn. 8-12 (5th Cir. 1979).
[5] *Doe,* 653 F.2d at 186.

validity of government activity;" divulging "personal information of the utmost intimacy;" or "had to admit that they either had violated state laws…or wished to engage in prohibited conduct."[6]

Here, Plaintiff asserts that the circumstances set forth in her Complaint, including her allegation that she was raped by her supervisor at her place of employment, establish her strong privacy interest in the use of a pseudonym.[7] Plaintiff contends she should be allowed to remain anonymous because she "has already suffered immensely from the rape she endured, and she will be further traumatized if she is forced to publicly reveal her identity for all the world to see in perpetuity."[8] Plaintiff also suggests that having her name in the public domain could subject her to future unnecessary interrogation, criticism, or psychological trauma,[9] such that concealing her identity may be necessary to prevent additional psychological harm.[10]

Notwithstanding the strong public policy favoring open court proceedings, allowing Plaintiff to proceed under a pseudonym is appropriate in this case that involves a matter of the utmost privacy and intimacy. Plaintiff's allegation that she was raped at her place of employment is sensitive and highly personal.[11] As Plaintiff notes, it is not apparent how the public interest in open judicial proceedings would be adversely impacted by concealing Plaintiff's true identity given that she is not a public figure nor is she challenging a government official or entity. Additionally, granting the relief requested does not appear to prejudice the defendants. Plaintiff alleges that the defendants are already aware of her true identity because they were previously notified of Plaintiff's charge with the Equal Employment Opportunity Commission that contained her full name; she has been employed by the defendants for over a decade; and she is still employed

---

[6] *Southern Methodist University Ass'n*, 599 F.2d at 713.
[7] R. Doc. 1 and R. Doc. 3-2, p. 1.
[8] R. Doc. 3-2, p. 3.
[9] R. Doc. 3-2, p. 3, citing *Doe v. Cabrera*, No. 14-1005, 307 F.R.D. 1, 7 (D.C. Sept. 10, 2014).
[10] R. Doc. 3-2, p. 3, citing *Doe*, 307 F.R.D. at 5, n. 6.
[11] *See, e.g., Doe v. CoreCivic, Inc.*, No. 20-1828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) (granting an *ex parte* motion to proceed by pseudonym in a case involving a sexual assault of the plaintiff and two other women while being held by ICE at a Houston Processing Center).

by one of the defendants, CMI, Inc. (DE).[12]  Although Plaintiff will be allowed to proceed pseudonymously, the Court will order Plaintiff to file a verification of her full name in this case under seal so that the record of her identity is properly preserved for Court purposes.

After weighing the applicable considerations,

**IT IS ORDERED** that the *Ex Parte* Motion for Leave to Proceed Anonymously,[13] filed by Plaintiff L.P., is **GRANTED**. Plaintiff may use the pseudonym "L.P." in this litigation.

**IT IS FURTHER ORDERED** that by no later than **May 31, 2024**, Plaintiff must file **UNDER SEAL** an affidavit or declaration verifying her full name. Further leave of court is not necessary.

Signed in Baton Rouge, Louisiana, on May 24, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] R. Doc. 3-2, p. 4. As the relief requested is being granted *ex parte*, the defendants are not precluded from seeking relief from this Order in the future.
[13] R. Doc. 3.

3