UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

L.P().                                                           CIVIL ACTION

VERSUS

CMI, INC. (DE), ET AL.                                           NO. 24-00401-BAJ-RLB

RULING AND ORDER

This is a civil rights case. Plaintiff has sued her former supervisor, Defendant Christopher Copeland, who allegedly sexually harassed, raped, and discriminated against her, and her employers, Defendants CMI, Inc. (DE) and Payroll & Insurance Group, Inc., which allegedly knew about her treatment at the hands of Copeland and took no effective action. (Doc. 1). Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.*, and Louisiana's Employment Discrimination Laws, La. R.S. 23:301, *et seq.* (*Id.* ¶ 89). Plaintiff also alleges claims against Copeland under Louisiana tort law for, among others, sexual assault and battery, and against her employers for vicarious liability. (*Id.* ¶¶ 90–91).

Now before the Court is Copeland's **Motion To Dismiss Pursuant To Rule 12(b)(1) And Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (Doc. 23, the "Motion")**, which seeks dismissal of Plaintiff's Title VII claims against him because individuals are not subject to Title VII liability, and asks the Court not to exercise its supplemental jurisdiction over the remaining state law claims against him. (*Id.*). Plaintiff responds that no recovery is sought against Copeland under Title

VII, but that the request for the Court to dismiss the remaining state law claims is unsupported by law. (Doc. 25). Because Plaintiff does not allege Title VII claims against Copeland, the Motion is denied as moot on that issue. For the reasons that follow, the Court chooses to exercise its supplemental jurisdiction over the remaining state law claims against Copeland, and therefore the Motion will be denied on that issue.

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Product Liability Litigation*, 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1), "a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Id.* (quotations omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). When a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Here, Plaintiff's Title VII claims are asserted only against the Defendant employers. The Court has original subject matter jurisdiction over such claims because they are asserted under federal law. But because only state law claims are asserted against Copeland, the Court's jurisdiction over such claims is based instead on supplemental jurisdiction, which courts may exercise over additional claims that

"form part of the same case or controversy" as federal claims. 28 U.S.C.A. § 1367(a). Supplemental jurisdiction is proper when there is a "common nucleus of operative fact" between the federal claims and the supplemental state-law claims and the claims "would ordinarily be expected to [be tried] all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 373–74 (5th Cir. 2020) (concluding that the district court had no discretion to exercise supplemental jurisdiction over the plaintiff's state-law claims when the state and federal claims did not arise from common facts).

Here, there is no doubt that the state law claims against Copeland arise from the same case or controversy as the federal claims against the Defendant employers because all the claims are rooted in Copeland's alleged misconduct against Plaintiff. Despite this, Copeland argues that the state law claims against him should still be dismissed because the "balance of factors weighs towards declining to exercise supplemental jurisdiction." (Doc. 23-1 at 6). The Court disagrees.

Regardless of the relationship between federal and supplemental claims, under 28 U.S.C. § 1367(c) district courts may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling

3

reasons for declining jurisdiction. In determining whether the exercise of such jurisdiction is appropriate, the court is guided by the preceding statutory factors as well as the common law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir. 2008). According to the U.S. Court of Appeals for the Fifth Circuit, although "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . this rule is neither mandatory nor absolute." *Brookshire Bros. Holding, Inc. v. Dayco Prod. Inc.,* 554 F.3d 595, 602 (5th Cir. 2009).

Because Plaintiff's claims share a "common nucleus of operative fact," they should be tried in one judicial proceeding. *Gibbs,* 383 U.S. at 725 (citation omitted). The Court has not dismissed Plaintiff's claims over which it has original jurisdiction, and Copeland does not allege that this matter raises novel or complex issues of state law. Additionally, even if the Court found that Plaintiff's state law claims against Copeland did substantially predominate over the other claims, which they do not, "it would be improper to sever such closely interconnected claims." *K&F Rest. Holdings, Ltd. v. Rouse,* No. CV 16-293, 2016 WL 6901375, at *6 (M.D. La. Sept. 22, 2016), *report and recommendation adopted sub nom. K&F Restarurant Holdings, Ltd. v. Rouse,* No. CV 16-293, 2016 WL 6897795 (M.D. La. Nov. 22, 2016).

With regard to issues of judicial economy, convenience, fairness and comity, the Court finds these considerations weigh in favor of retaining Plaintiff's state law claims or are neutral. If the claims against Copeland were dismissed, Plaintiff would

4

simply immediately bring those claims in state court. Crucially, Plaintiff would also bring the vicarious liability claims against the Defendant employers in that court as well, meaning that those Defendants would be forced to litigate closely related claims in two different forums at the same time. This alone merits the exercise of the supplemental claims because "[r]equiring the parties to manage two different lawsuits in two different forums would force both sides to expend significantly more time, money, and effort than by having the parties litigate the entire action before this Court." *Keith L. Markey, M.D., P.A. v. Aetna Health Inc.*, 2012 WL 695662, at *7 (W.D. Tex. Feb. 29, 2012). Convenience and fairness are neutral factors, as Plaintiff would simply bring the state law claims in the same city in which this Court sits, and the parties would receive a fair trial in either court. *Green v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-1498, 2012 WL 12823699, at *4 (N.D. Tex. Feb. 9, 2012).

For the foregoing reasons, the Court will choose to exercise its supplemental jurisdiction over Plaintiff's state law claims against Copeland, and Copeland's Motion will be denied.

Accordingly,

**IT IS ORDERED** that Defendant Christopher Copeland's **Motion To Dismiss Pursuant To Rule 12(b)(1) And Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (Doc. 23)** be and is hereby **DENIED AS MOOT** in so far as it seeks dismissal of Plaintiff's Title VII claims against him, and **DENIED** in so far as

it seeks dismissal of Plaintiff's state law claims against him.

**IT IS FURTHER ORDERED** that the Ex Parte Motion for Leave to File Sur Reply (Doc. 31) be and is hereby **DENIED AS MOOT**.[1]

Baton Rouge, Louisiana, this 19th day of November, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[1] Ordinarily, supplemental responses, or sur-replies, are "heavily disfavored," and the decision to allow a sur-reply lies within the district court's discretion. *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (quotation omitted).