UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

L.P.                                                          CIVIL ACTION

VERSUS

CMI, INC., ET AL.                                            NO. 24-401-BAJ-RLB

ORDER

Before the Court are L.P.'s ("Plaintiff") Motion to Compel Discovery Responses From Corrosion Materials, Inc., ("Defendant") and Defendant's opposition to such. (R. Docs. 82; 83).

I.      Background

On May 21, 2024, Plaintiff sued Defendant, Christopher Copeland ("Copeland"), and Payroll & Insurance Group, Inc. ("PIGI"), alleging Defendant's employee Copeland sexually assaulted her while serving as her supervisor. (R. Doc. 1). Plaintiff alleges Defendant engaged in sex-based employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, or parallel Louisiana law, and is liable for the alleged sexual assault and battery and torts committed by Copeland against Plaintiff. *Id.*

On August 16, 2024, this Court entered a scheduling order that set August 21, 2025[1] as the deadline for filing all discovery motions and completing all discovery except experts. (R. Doc. 29). Prior to this deadline, on March 17, 2025, Plaintiff propounded upon CMI ninety-two Requests for Production of Documents ("RFP(s)"). (R. Doc. 83-1). Defendant responded to the RFPs on May 12, 2025, producing over eight-thousand pages of documents. (R. Doc. 83-2). Unsatisfied with the responses, Plaintiff informed Defendant and a Fed. R. Civ. P. 37 ("Rule 37") conference was held on July 14, 2025. (R. Doc. 82-3). On July 29, 2025, Defendant sent

---

[1] On September 29, 2025, the parties were granted thirty additional days to complete discovery solely regarding the corporate relationship between PIGI, CMI, and Palisades. (R. Doc. 87).

Plaintiff supplemental responses (the "Supplemental Responses"). (R. Doc. 83-3). Unsatisfied with some of the Supplemental Responses, Plaintiff filed the instant motion on August 21, 2025; Defendant filed its opposition on September 11, 2025. (R. Docs. 82; 83). The specific eleven RFPs to which Plaintiff seeks additional supplemental responses to are detailed further below.

## II.    Law and Analysis

### A.    Legal Standards

If a party fails to respond to discovery in the time allowed, the party seeking discovery may move to compel responses. *See* Fed. R. Civ. P. 37. An "evasive or incomplete . . . response must be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a). "[T]he scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). A court must limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

### B.    Rule 37 Conference

A motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery

in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Plaintiff here has filed so such certificate. Nevertheless, it is clear from the briefing that nearly all of the RFPs Plaintiff seeks new responses for were discussed in a conference the parties agree occurred on July 14, 2025. The only disagreement is whether RFP No. 90 was discussed. According to Plaintiff, RFP Nos. 2, 32, 33, 34, 36, 44, 56, 58, 63, 89 and 90 were discussed; according to Defendant, RFP No. 90 was not discussed. (R. Docs. 82-2 at 1; 83 at 2, 10). This Court may deny Plaintiff's motion to compel purely because he has failed to comply with Fed. R. Civ. P. 37, especially as another conference was not conducted regarding the Supplemental Responses. However, considering that Defendant has not objected to the entire motion to compel on this basis and that discovery is now closed, "the Court will not deny the [motion] in its entirety in light of this failure[,]" but will consider the failure when apportioning costs and will assume RFP No. 90 was not discussed. *Walker LP v. Certain Underwriters at Lloyds, London,* No. CV 22-485-BAJ-RLB, 2023 WL 6134767, at *5 (M.D. La. Sept. 19, 2023) (citation omitted). It is also noted that RFP No. 90 pertains to experts. Disclosures regarding experts are subject to deadlines imposed by the Court, and much of the information requested is either overbroad or will be contained in the required disclosures, including expert reports due December 22, 2025. (R. Doc. 29). For these reasons, the Court will not compel a response to RFP No. 90.

### C.    RFP Nos. 32, 33, 34, 44, and 63

Defendant argues that it has now fully responded to each of the following five RFPs:

RFP No. 32: Copies of every email exchanged between Jana Schwartzberg and DaLina Tate between February 1, 2022 (the approximate date when Jana Schwartzberg made a complaint to DaLina Tate related to Copeland) and April 20, 2022 (three weeks after L.P. was interviewed regarding Jana Schwartzberg's 2022 complaint about Copeland).

RFP No. 33: Copies of every email exchanged between L.P. and DaLina Tate between February 1, 2022 . . . and April 20, 2022[].

3

> RFP No. 34: Copies of every email exchanged between Copeland and DaLina Tate February 1, 2022 . . . and April 20, 2022[].
>
> RFP No. 44: Copies of every email related to Copeland, that was sent or received by Ronald Campbell, Michael King, DaLina Tate, April Schaff, Bryan Sanders, Jana Schwartzberg, Copeland, David Zallis, and/or L.P. May 30, 2023 (the date L.P. reported the sexual assault by Copeland) and the present date.
>
> RFP No. 63: Copies of all documents relating to or referencing, all notices or bulletins related to sexual harassment which were provided or displayed to the employees who worked at the CMI office located at 2262 Groom Rd., Baker LA 70714 between January 1, 2014 through May 30, 2023.

(R. Doc. 83-3). From a review of the briefing, it is clear to this Court that Defendant has, since the filing Plaintiff's motion to compel, fully responded to each of the above[2] except RFP No. 44. Regarding RFP No. 44, Defendant has not sent Plaintiff "every email related to Copeland" sent or received by Jana Schwartzberg ("Schwartzberg") on May 30, 2023. It also appears Plaintiff is attempting to request, regarding multiple people, "every email related to Copeland" not just from May 30, 2023 but from May 30, 2023 to "the present date." (R. Doc. 83-1 at 8, 9). Defendant has only provided emails from May 30, 2023. However, RFP No. 44 is overbroad to the extent it seeks information from two years when Copeland was not employed. *Compare with Impson v. Dixie Electric Membership Corp.*, No. 14-632, 2015 WL 9413122, *2-3 (M.D. La. Dec. 22, 2015) (ordering production of emails from the relevant time period referring to the accident, injuries, and damages); *compare also with Dennis v. Red River Entertainment of Shreveport, LLC*, No. 14-2495, 2016 WL 8729956, *1-2 (W.D. La. Jan. 8, 2016) (ordering production of emails and text messages from relevant time period that refer to or discuss the relevant incident or Plaintiff's damages). Accordingly, this Court will not compel Defendant to respond to RFP

---

[2] "CMI has fully responded to Request Nos. 32 – 34 [because it] produced every email exchanged between Dalina Tate and . . . Ms. Schwartzberg, Plaintiff, and Copeland, during the approximate three-month time period following . . . Ms. Schwartzberg's complaint." (R. Doc. 83 at 5). As for RFP No. 63, "CMI produced copies [of] its Harassment Free Workplace policies for 2021 and 2024 and the Human Resources Retention Policy which were provided to CMI employees, and a photograph of the EEO and Employment Law Posters posted in CMI's Baker, Louisiana office[,] is not withholding responsive documents[, and] has no other documents to produce." (R. Doc. 83 at 9).

No. 44 as it is written, but will only require Defendant to provide every email related to

Copeland sent or received by Ronald Campbell, Michael King, DaLina Tate, April Schaff, Bryan

Sanders, Jana Schwartzberg, Copeland, David Zallis, and/or L.P., from May 30, 2023 (the date

L.P. reported the sexual assault by Copeland) to November 30, 2023 (six months after). *See*

*Williams v. Chrysler Fin. Corp.,* No. CIV.A. 98-2931, 1999 WL 280437, at *1 (E.D. La. May 3,

1999) (where employee brought discrimination claim after his termination, court found discovery

requests were best limited to "six months before plaintiff's employment was terminated and . . .

six months after termination").

### D.    RFP No. 2

Plaintiff argues Defendant should be compelled to respond to the following RFP:

RFP No. 2: Copies of any and all documents reflecting the legal relationship
between Corrosion Materials, Inc., (hereinafter "CMI"), Palisades Holdings Inc.
(hereinafter "Palisades"), and/or Payroll & Insurance Group (hereinafter
"PIGI"), and any parent or subsidiary thereof.

Supplemental Response: CMI objects to [RFP] No. 2 on the grounds that it is
overly broad, vague and ambiguous and does not state the information sought
with reasonable particularity. CMI further objects to the extent that the Request
seeks information that is neither relevant to any party's claims or defenses in the
pending action nor proportional to the needs of the case. CMI previously
produced its Corporate Disclosure Statement, which identifies Palisades Holdings,
Inc. as CMI's parent corporation. Neither PIGI nor Palisades was Plaintiff's
employer and documents reflecting the legal relationship between CMI, Palisades,
and/or PIGI (if any exist) have no relevance to Plaintiff's claim against CMI.

(R. Doc. 83-3 at 1, 2). Defendant responds that Plaintiff is already aware of Defendant's legal

relationship with Palisades Holdings Inc., and PIGI such that the requested information is not

needed. This Court finds that the requested information is relevant, despite the fact that Plaintiff

is already aware of the alleged legal relationships, as the district judge in this case has already

decided so. The district judge, in granting a motion to dismiss filed by PIGI, granted Plaintiff

leave to file "an amended complaint, addressing the deficiencies described in th[e] Order, and

especially, the corporate relationship between PIGI, CMI, and Palisades." (R. Doc. 87 at 12). The district judge referred the matter to the undersigned "for the issuance of a scheduling order regarding discovery solely with respect to the corporate relationship between PIGI, CMI, and Palisades." *Id.* On November 6, 2025, this Court reopened discovery on the issue. (R. Doc. 90). Finding that documents detailing the legal relationships between PIGI, CM1, and Palisades are relevant, this Court compels Defendant to fully respond to RFP No. 2.

### E.    RFP No. 36

Plaintiff is also seeking to compel a response to the following RFP:

RFP No. 36: Copies of every other email in your possession, custody, or control related to Jana Schwartzberg's 2022 complaint about Copeland.

Original Response: CMI objects to Request for Production No. 36 on the grounds that it is overly broad, vague and ambiguous, and does not state the information sought with reasonable particularity. CMI further objects to the extent that the Request seeks information that is neither relevant to any party's claims or defenses in the pending action nor proportional to the needs of the case. CMI further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product privilege, other applicable privileges and protections. Further responding, see documents produced in Response to Request for Production No. 9, which include meeting notes regarding the investigation into the complaint by Jana Schwartzberg regarding Chris Copeland.

Supplemental Response: CMI maintains its previous objections to [RFP] No. 36 as a request for "every other email in your possession, custody, or control related to Jana Schwartzberg's 2022 complaint about Copeland" is overly broad and ambiguous. Further, CMI produced the investigation file relating to Ms. Schwartzberg's complaint regarding Copeland, which includes pertinent emails and meeting notes.

(R. Docs. 83-2 at 18; 83-3 at 10). Plaintiff argues the RFP is narrowly tailored to lead to admissible evidence and that the Defendant has only provided boilerplate objections. Defendant argues it reasonably objected that RFP No. 36 is overly broad, vague and ambiguous, and seeks information not relevant to any party's claims or defenses. Defendant also points out that it has provided its investigation file relating to Schwartzberg's complaint, including pertinent emails,

and every email exchanged between Dalina Tate and Schwartzberg, Plaintiff, and Copeland, during the three months following Schwartzberg's complaint. Defendant also notes that a search of every email relating to Schwartzberg's complaint would be overly burdensome, time consuming, and not proportional to the needs of the case, because it has 90 employees, Schwartzberg made her complaint nearly three years ago, and she is not a party to this case.

This Court finds Schwartzberg's complaint and Defendant's response to that complaint is relevant to this case. *See Braud v. Geo Heat Exchangers, L.L.C,* 314 F.R.D. 386, 390 (M.D. La. 2016) ("Defendant's actions taken in response to Plaintiff's allegations and those of other employees is relevant to the claims before this Court. For the same reasons, any complaints of sexual harassment or sex-based discrimination made against Nevels, including any investigation into those complaints, are likewise relevant."). However, as with RFP No.44, this Court finds Plaintiff has not adequately limited RFP No. 36 to the relevant time period. *See Harness v. Chevron U.S.A., Inc.,* No. 1:23-CV-210-HSO-MTP, 2024 WL 2701698, at *3 (S.D. Miss. May 24, 2024) (citation omitted) ("appropriate to allow discovery of other complaints of discrimination against an employer where limited to the same form of discrimination, the same department or agency where the plaintiff worked, and for a reasonable time period"). The Court thus will only require Defendant to provide copies of every other email related to Schwartzberg's 2022 complaint that was sent or received from February 1, 2022 (the date Schwartzberg made a complaint to DaLina Tate related to Copeland) to November 30, 2023 (six months after L.P. reported the sexual assault by Copeland). *See Doe 1 v. Baylor Univ.,* No. 6:16-CV-173-RP, 2017 WL 11715184, at *6 (W.D. Tex. July 26, 2017) ("However, the Court finds that production for time periods directly surrounding Plaintiffs alleged sexual assaults are relevant and proportional

to Plaintiffs' claims. It will therefore order Baylor's production of documents back to January 1,

2003, approximately a year before the earliest alleged sexual assault.")

     **F.    RFP No. 56**

     Plaintiff also seeks to compel additional emails regarding Copeland's termination:

RFP No. 56: Copies of every email exchanged between Ronald Campbell,
Michael King, DaLina Tate, April Schaff, Bryan Sanders, Jana Schwartzberg,
Copeland, David Zallis, or any other individual related to the termination of
Copeland.

Original Response: CMI objects to Request for Production No. 56 on the grounds
that it is overly broad, vague and ambiguous, and does not state the information
sought with reasonable particularity. CMI further objects to the extent that the
Request seeks information that is neither relevant to any party's claims or
defenses in the pending action nor proportional to the needs of the case. CMI
further objects to this Request to the extent that it seeks information protected
from disclosure by the attorney-client privilege, work product privilege, or other
applicable privileges and protections. Subject to these objections, see documents
produced in Response to Request for Production Nos. 4, 5, 8 and 9, which include
emails and meeting notes regarding the investigation into the complaint by L.P.
regarding Chris Copeland and documents relating to Chris Copeland's termination
and all emails to and from Michael King, DaLina Tate and/or Chris Copeland on
May 30, 2023, the date of Copeland's termination, which are being produced.

Supplemental Response: CMI maintains its previous objections to [RFP] No. 56.
Further responding, CMI has produced Copeland's personnel file and the
investigation file relating to Ms. L.P.'s complaint regarding Copeland, which
includes pertinent emails and meeting notes and documents relating to Copeland's
termination. CMI has also produced: (i) every email exchanged between
Copeland and L.P.; (ii) every email sent or received by L.P. on May 26, 2023 and
May 30, 2023; (iii) every email sent or received by Chris Copeland on May 26,
2023 and May 30, 2023; (iv) every email sent or received by Michael King on
May 25, 2023 and May 30, 2023; and (v) every email sent or received by DaLina
Tate on May 26, 2023 and May 30, 2023.

(R. Docs. 82-3 at 28; 83-3 at 13). Plaintiff argues the RFP is narrowly tailored to lead to

admissible evidence and that Defendant has only provided boilerplate objections. Defendant

reiterates the above objections and argues a search of every email between the listed individuals,

or any other individual, relating to Copeland's termination would be overly burdensome, time

consuming, and not proportional to the needs of the case because it would require Defendant to

review every email sent or received by the listed individuals from May 30, 2023 (the date of

Copeland's termination) to present date to determine if it is responsive. This Court agrees RFP

No. 56 is overbroad regarding the timeframe covered. To limit RFP No. 56's overbreadth, this

Court will only require Defendant to provide emails related to Copeland sent or received from

May 30, 2023 (the date of Copeland's termination) to November 30, 2023 (six months after).

Emails sent or received during this period relating to Copeland's termination is likely to lead to

the discovery of evidence of Copeland's actions and the actions Defendant and its employees

took regarding his termination.

     **G.**    **RFP No. 58**

     Plaintiff asks that this Court compel Defendant to provide any of Copeland's emails that

include any one of more than one hundred derogatory and normal terms, based on the following:

> <u>RFP No. 58</u>: Copies of every email sent by Copeland that contains any of the
> following words: "ass", "arse", "sexy", "sex", "smell", "perfume", "jeans",
> "boobs", "breasts", "tits", "damn", "dman", "love you", "vape", "vaping",
> "penis", "dick", "cock", "hair", "chest", "areola", "nipple", "nips", "tit", "titty",
> "jugs", "hair", "shirt", "dress", "bang", "fuck", "fucking", "blow", "pussy",
> "cunt", "dumbass", "retard", "shit", "bitch", "bitches", "asshole", "arsehole",
> "bastard", "slut", "douche", "cunt", "bullshit", "whore", "clit", "clitoris",
> "vagina", "moron", "idiot", "stupid", "retard", "ditz", "dumb", "ditzy", "bimbo",
> "blonde", "hooker", "prostitute", "sleep with", "slept with", "bikini", "swimsuit",
> "naked", "nude", "prick", "sexual", "in bed", "strip club", "stripper",
> "hammered", "airhead", "tease", "oral", "suck", "tramp", "hysterical", "feisty",
> "prude", "moody", "chick", "floozy", "girly", "cougar", "hag", "nasty", "shrew",
> "twat", "gold digger", "feminazi", "feminist", "excuse", "excuses", "complain",
> "complaint", "favor", "drunk", "cleavage", "cheek", "pretty", "flirt", "pants",
> "skirt", "legs", in either the subject or the body of the email.
>
> <u>Original Response</u>: CMI objects to [RFP] No. 58 on the grounds that it is overly
> broad and unduly burdensome. CMI further objects to the extent that the Request
> seeks information that is neither relevant to any party's claims or defenses in the
> pending action nor proportional to the needs of the case and/or otherwise
> constitutes an impermissible fishing expedition.
>
> <u>Supplemental Response</u>: CMI maintains its previous objections to [RFP] No. 58.

(R. Docs. 83-2 at 30; 83-3 at 14). Plaintiff argues the above is narrowly tailored to lead to admissible evidence and that the emails sought are relevant to Plaintiff's claims. Defendant reiterates its above objections and argues it has sufficiently responded as it provided all emails between Copeland and Plaintiff and information about other complaints made about Copeland.

This Court finds that RFP No. 58 is overbroad as it seeks emails that include any one of more than one hundred words without limitation as to time period, email recipients, or email topic. Emails from Copeland to employees including sexually harassing behavior that Plaintiff never witnessed or heard about is not relevant to this case. *See U.S. Equal Emp. Opportunity Comm'n v. Exxon Mobil Corp.,* 347 F.R.D. 451, 481 (M.D. La. 2024) (citing See *Mason v. S. Illinois Univ. at Carbondale*, 233 F.3d 1036, 1046 (7th Cir. 2000)) ("'Mean-spirited or derogatory behavior of which a plaintiff is unaware, and thus never experiences, is not 'harassment' of the plaintiff (severe, pervasive, or other).'"). Even if the emails sought could reveal Defendant's knowledge regarding Copeland's actions, RFP No. 58's overbreadth defeats its usefulness. RFP No. 58 is unlimited in time and scope and would require an extensive review of Copeland's emails to *any* individual from the time he was employed until he was fired. Many of the listed terms are not sexual or harassing on their own, such as the words smell, perfume, jeans, damn, hair, complain, favor, or drunk. RFP No. 58, consequently, could lead to many irrelevant emails being produced from spans of time irrelevant to this case. This Court will thus compel no response to RFP No. 58, especially as other RFPs request Copeland's relevant emails.

### H.    RFP No. 89

Plaintiff also seeks to compel a response to RFP No. 89, which follows below:

RFP No. 89: If you contend that any of the information or records requested in these discovery requests are subject to any protective order, confidentiality order, or any other contract, order, or agreement preventing you from producing them, please provide copies of said orders/contracts/agreements.

> Supplemental Response: Certain deponents are subject to an "Authorities Withheld" Agreement [(the "Agreement")]. Such [A]greement is confidential and not relevant. CMI is currently reviewing and determining whether such agreement can be provided and will supplement this discovery upon completion of its review. Notwithstanding, CMI will consider stipulating to certain relevant facts upon request by Plaintiff.

(R. Doc. 83-3 at 18). Plaintiff seeks to compel Defendant to turn over the Agreement, because CMI's president, who is also a PIGI employee, and other PIGI employees refused to answer deposition questions about the relationship between CMI, PIGI, and Palisades, such as the identities of the officers or number of employees of each company, based on the Agreement. Plaintiff argues that because Defendant has not sent a copy of this document, Plaintiff and this Court will be unable to evaluate the validity of Defendant's privilege or confidentiality claims.

Defendant states that, in response to RFP No. 89, it referred to the Protective Order issued in this case. Defendant acknowledges that the Agreement was referenced in depositions and prevented the deponents from answering certain questions. Yet, Defendant points out that the Agreement is not responsive to RFP No. 89 as it seeks documents that prevented Defendant from responding to any RFPs or interrogatories, not deposition questions. Defendant also states that it did not object any interrogatories or RFPs based on the Agreement. This Court agrees with Defendant and will not compel it to respond to RFP No. 89 as it only requests documents that prevented Defendant from providing "any of the information or records requested in these discovery requests[.]" *Id.*

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion (R. Doc. 82) is **GRANTED IN PART** and **DENIED IN PART**. The parties shall bear their own costs, and Defendant shall respond to the following RFPs, as they appear below, **on or before December 10, 2025**:

RFP No. 44: Copies of every email related to Copeland, that was sent or received by Ronald Campbell, Michael King, DaLina Tate, April Schaff, Bryan Sanders, Jana Schwartzberg, Copeland, David Zallis, and/or L.P. from May 30, 2023 to November 30, 2023.

RFP No. 2: Copies of any and all documents reflecting the legal relationship between Corrosion Materials, Inc., (hereinafter "CMI"), Palisades Holdings Inc. (hereinafter "Palisades"), and/or and Payroll & Insurance Group (hereinafter "PIGI"), and any parent or subsidiary thereof.

RFP No. 36: Copies of every other email in your possession, custody, or control related to Jana Schwartzberg's 2022 complaint about Copeland, that was sent or received from February 1, 2022 to November 30, 2023.

RFP No. 56: Copies of every email exchanged between Ronald Campbell, Michael King, DaLina Tate, April Schaff, Bryan Sanders, Jana Schwartzberg, Copeland, David Zallis, or any other individual related to the termination of Copeland, from the date range of May 30, 2023 to November 30, 2023.

Although not addressed in the briefing, the compelled email productions above likely involve searches of electronically stored information (ESI). Any searches for responsive emails should be done using appropriate key words rather than an email by email review of any individuals' account. In producing responsive documents, the defense shall also inform plaintiff of the searches and search terms used to help identify responsive documents.

**IT IS FURTHER ORDERED** that the parties must confer regarding the defendant's production prior to the filing of any discovery related motion. Any motion regarding the production shall be filed on or before **December 19, 2025**. This Court's November 6, 2025 Order also remains applicable.

Signed in Baton Rouge, Louisiana, on November 19, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**