## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

L.P.                                                    CIVIL ACTION

VERSUS

CMI, INC. (DE), ET AL.                          NO. 24-00401-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant CMI, Inc. (DE) ("CMI")'s **Motion For Review Of And/Or Objection To Magistrate's Order (Doc. 154)**, in which Defendant CMI requests that the Court vacate the Magistrate Judge's Order (Doc. 144) granting Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 132). Plaintiff has filed an Opposition (Doc. 170). For the reasons stated herein, Defendant CMI's Motion is **DENIED**.

### I.    BACKGROUND

On May 21, 2024, Plaintiff brought suit against Defendant CMI, Defendant Copeland, and Defendant Payroll & Insurance Group, Inc. ("PIGI"). (Doc. 1). On September 29, 2025, this Court dismissed Defendant PIGI, but granted Plaintiff 30 days to conduct discovery and depositions regarding the corporate relationship between Defendants PIGI, CMI, and Palisades, and an additional 21 days after discovery was completed to amend her Complaint. (Doc. 87). The Magistrate Judge then extended the discovery deadlines set by this Court and required Plaintiff to file a status report by December 12, 2025 regarding the status of discovery and depositions. (Doc. 90). The Magistrate Judge did not set any new deadline to amend

the pleadings. (*Id.*). Plaintiff filed the status report timely, informing the Magistrate Judge that the deposition of Palisades was scheduled to take place on December 18, 2025. (Doc. 133-3). On January 6, 2026, Plaintiff filed a second status report informing the Magistrate Judge that the reopened discovery had "been completed." (Doc. 133-5). Plaintiff did not seek a new deadline to amend the pleadings in that status report. (*Id.*).

On April 29, 2026, after the Parties had already filed dispositive and evidentiary motions, Plaintiff sought leave to amend the pleadings so she could name Palisades as a Defendant. (Doc. 132). Plaintiff argued that this Motion for Leave to File Second Amended Complaint was timely, since the 21-day amendment deadline that this Court set earlier was never triggered when the Magistrate Judge allowed discovery to proceed beyond the 30-day discovery deadline set by this Court. (Doc. 132; Doc. 137). Plaintiff further argued that the addition of Palisades as a Defendant would not prejudice Defendants CMI or Palisades. (Doc. 132-2). Defendants CMI and Copeland filed Oppositions, arguing that Plaintiff's Motion should be denied as untimely, since it was not filed within 21 days of Palisades' January 6, 2026 deposition, and because Defendants CMI and Copeland would be unfairly prejudiced with the possibility of new deadlines. (Doc. 133 at 1–7; Doc. 134).

The Magistrate Judge conducted an analysis under Rule 16 of the Federal Rules of Civil Procedure, which requires "good cause" for modifying a scheduling order's deadline to amend pleadings. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). After conducting

2

the analysis, the Magistrate Judge ultimately found good cause for Plaintiff to amend her Complaint. (Doc. 144).

Defendant CMI now files the instant Motion For Review Of And/Or Objection To Magistrate's Order (Doc. 154), requesting that the Court vacate the Magistrate Judge's Order (Doc. 144) granting Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 132).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 72.

Federal Rule of Civil Procedure 72 confers upon magistrate judges the responsibility to make determinations or recommendations for pretrial matters. Fed. R. Civ. P. 72(a). Magistrate judges can hear, decide, and issue orders for pretrial matters that are not dispositive of a party's claim. *Id.*; *see Fisher v. Waste Mgmt. of La., LLC*, No. 17-CV-002346-BAJ-RLB, 2019 WL 2713053, at *1 (M.D. La. June 28, 2019). Rule 72(a) dictates that a district judge must review decisions on non-dispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Under this standard, a magistrate judge's findings "should not be rejected merely because the court would have decided the matter differently." *Ordemann v. Unidentified Party*, No. CIV. A. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (internal citation omitted). Rather, the clearly erroneous standard requires that the district court affirm the decision of the magistrate judge unless "on

3

the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Id.; see also Vatter v. Navistar Int'l Corp.,* 150 F. Supp. 3d 703, 706 (M.D. La. 2015). Similarly, a magistrate judge's order is "contrary to law" only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Ordemann*, No. CIV. A. 06-4796, 2008 WL 695253, at *1 (internal citation omitted). This standard is "highly deferential" to a magistrate judge. *Billiot v. Bankers Specialty Ins. Co.*, No. CV 22-2331, 2023 WL 2263826, at *3 (E.D. La. Feb. 28, 2023).

### B. Federal Rules of Civil Procedure 16(b) and 15(a).

As noted, Federal Rule of Civil Procedure 16(b) governs amendment of pleadings beyond the date set by a scheduling order. Fed. R. Civ. P. 16(b). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). In evaluating whether good cause exists to grant an untimely motion to amend a pleading, the United States Court of Appeals for the Fifth Circuit has explained that courts should "consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (citation modified). Only upon the movant's demonstration of good cause to modify the

4

scheduling order will the more liberal standard of [Federal Rule of Civil Procedure] Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.*

Federal Rule of Civil Procedure Rule 15(a)(2), in turn, instructs that after the period for amending a pleading as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave when justice so requires." *Id.* While "leave to amend is by no means automatic[,]" a court "must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal citations omitted). Indeed, the rule "evinces a bias in favor of granting leave to amend." *Id.* The Court may consider several factors when determining whether to grant leave to amend under Rule 15(a), including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.* (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

## III.  DISCUSSION

The Magistrate Judge found good cause pursuant to Federal Rule of Civil Procedure 16(b) to allow Plaintiff to file an amended Complaint, reasoning that while Plaintiff did not provide an explanation for waiting three months to seek leave to amend and while all Parties "may face certain hardships if amendment is allowed," amendment was important and would allow for all of Plaintiff's claims to be resolved

in a single proceeding. (Doc. 144). The Magistrate Judge further concluded that amendment was merited pursuant to Rule 15(a)(2) and granted Plaintiff's motion for leave to amend.

Defendant CMI argues that the Magistrate Judge's Order should be reversed because it erroneously applies the Federal Rule of Civil Procedure Rule 16 good-cause factors. Defendant CMI first argues that because the Magistrate Judge found Plaintiff offered "no coherent explanation" for waiting three months to attempt to amend her Complaint, Rule 16(b) good cause did not exist. Defendant CMI further argues that the Magistrate Judge improperly gave controlling weight to the purported importance of Plaintiff's proposed amendment, despite Plaintiff's lack of diligence in filing the motion. Defendant CMI cites caselaw in which courts have denied motions to amend when plaintiffs failed to provide adequate explanations for untimely motions for leave to amend. Defendant CMI next disagrees with the Magistrate Judge's prejudice analysis, emphasizing that prejudice to Defendant CMI will be significant. Finally, Defendant CMI contends that the Magistrate Judge did not address whether the availability of a continuance would cure any prejudice to Defendant CMI. Therefore, Defendant CMI requests that the Court vacate the Magistrate Judge's Order and deny Plaintiff's Motion for Leave to File Second Amended Complaint.

Plaintiff opposes Defendant CMI's motion. (Doc. 170). Plaintiff first explains how and why she mistakenly initially named PIGI as a Defendant instead of Palisades; that PIGI routinely withheld information about Palisades from Plaintiff

throughout the discovery period, which created a barrier to Plaintiff's ability to amend the Complaint earlier; that PIGI is merely a shell company for Palisades; and that the Palisades executive team has remained actively engaged in every stage of the litigation. Plaintiff then turns to the Rule 16(b) good cause analysis, arguing that the good cause analysis confers discretion to the Magistrate Judge, and that the Magistrate Judge properly conducted such a holistic review of the four factors. ("The four factors are considered holistically, and the court has wide discretion to weigh and balance the factors, including the discretion to find that any one factor outweighs the others." *In re Texas Petroleum Inv. Co.*, No. CV 24-2344, 2026 WL 233964, at *2 (E.D. La. Jan. 29, 2026). "No single factor is dispositive, nor must all the factors be present." *Id.* "The four Rule 16(b)(4) factors are not to be counted mechanically but instead are to be applied holistically." *McMahan v. U.S. Bank Nat'l Ass'n*, No. 4:22-CV-01525, 2024 WL 2242687 (S.D. Tex. Feb. 9, 2024) (internal citations omitted)). Plaintiff also cites caselaw in which courts have granted plaintiffs' motions for leave to file untimely amendments despite delay. Finally, Plaintiff argues that Defendant CMI was not prejudiced by Plaintiff filing her motion in April any more than Defendant would have been prejudiced had the motion been filed in January, and that adding Palisades as a Defendant does not necessitate the reopening of discovery. Thus, Plaintiff argues, the Magistrate Judge properly evaluated the Rule 16(2) factors when he granted Plaintiff's Motion for Leave to File Second Amended Complaint.

Having carefully considered Defendant CMI's Motion, Plaintiff's Opposition,

the Magistrate Judge's Order, and the entirety of the record, the Court finds that the Magistrate Judge's Order is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). As noted, Rule 16(2) and accompanying caselaw grant courts wide latitude to allow for untimely amendments of pleadings. No single one of the four factors is dispositive in determining whether amendment is allowed, nor is the presence of all four factors required. Instead, courts holistically review the factors to decide whether to allow amendment. In the absence of a "definite and firm conviction that a mistake has been committed," and finding that the Magistrate Judge's Order is not "contrary to law," and acknowledging that the Rule 72 standard is "highly deferential" to the Magistrate Judge, the Court affirms the Magistrate Judge's Order. Accordingly, Defendant CMI's objection to the Magistrate Judge's Order is denied.

## IV.    CONCLUSION

**IT IS ORDERED** that Defendant CMI's **Motion For Review Of And/Or Objection To Magistrate's Order (Doc. 154)** is **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is immediately **REFERRED** to the Magistrate Judge for the issuance of a Scheduling Order in light of the Magistrate Judge's Order Granting Defendants' Motion for Extension of Time to Respond to Plaintiff's Second Amended Complaint. (Doc. 169 at 2).

Baton Rouge, Louisiana, this 5th day of August, 2026

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

8